UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK DOUGLAS COLE,

       Petitioner,

v.

Case No. 16-12911

HON. MARK A. GOLDSMITH

ROBERT NAPEL,

       Respondent.
_____/

## OPINION & ORDER
## (1) DENYING THE PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 1), (2) GRANTING IN PART A CERTIFICATE OF APPEALABILITY, AND (3) GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner Mark Douglas Cole, a state parolee, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Cole was convicted of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(a) (sexual contact with a person under the age of thirteen), and assault with intent to commit criminal sexual conduct involving sexual penetration, Mich. Comp. Laws § 750.520g(1). He alleges in his pro se petition that: (i) his trial attorney was ineffective for failing to challenge two jurors for cause; and (ii) the trial court abused its discretion and violated his right to due process by permitting the prosecutor to introduce certain demonstrative photographs in evidence. Pet. for Writ of Habeas Corpus at 4, 6 (Dkt. 1). For the reasons that follow, the Court will deny the petition, grant a certificate of appealability on claim one, and grant leave to proceed in forma pauperis on appeal.

---

[1] Cole was confined at the Marquette Branch Prison in Marquette, Michigan when he filed his petition. The State's electronic records indicate that he was paroled on March 29, 2018. See http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=893473.

## I. BACKGROUND

The charges against Cole arose from an incident involving a two-year child. Cole was tried before a jury in Washtenaw County Circuit Court in October 2013. The main prosecution witness was Cole's neighbor, Robert Leaveck, who

> testified that he was in the woods near [Cole's] house when he saw [Cole] standing next to an ATV. Leaveck testified that he noticed movement beside [Cole]. Leaveck walked closer, saw [Cole] "humping his hips back and forth," and observed that the victim was on the fender of the ATV with one leg out of his diaper. Leaveck was the only witness who saw [Cole] and the victim in the woods. Leaveck testified that he could see that [Cole] was "raping a baby."
>
> . . . .
>
> . . . . Leaveck was sure of what he observed. Further, he testified he told [Cole] that he had better stop. He said that [Cole] stopped and told him that he had "never had an urge like this before" and had "never done anything like this before." He told Leaveck not to tell anyone and then left on the ATV with the victim. [A]lthough Leaveck was the only eyewitness who testified and there was no physical evidence, the record shows that [Cole] also made inconsistent statements to the police. At one point, [Cole] denied ever being in the woods or ever stopping to urinate. [Cole] later changed his story and indicated that he stopped to urinate and thought a bug may have crawled into the victim's pant leg because the victim was jumping around and fussing.

People v. Cole, No. 320016 (Mich. Ct. App. Dec. 15, 2015), 2015 WL 8954965, at *2 and *3 n.4 (internal citation omitted). Cole's defense theory was that he did not do what he was accused of doing, that Leaveck lied and his testimony was too outlandish to be believed, and that there was no physical evidence supporting Leaveck's testimony.

On October 22, 2013, the jury found Cole guilty, as charged, of second-degree criminal sexual conduct and assault with intent to commit criminal sexual conduct involving sexual penetration. On November 14, 2013, the trial court sentenced Cole to concurrent terms of 38 months (three years, two months) to fifteen years for the criminal sexual conduct and 38 months to ten years for the assault.

Petitioner appealed his convictions as of right. His first appellate attorney argued that the evidence presented at trial was insufficient to prove Cole's guilt. The trial court later appointed substitute appellate counsel who filed a replacement brief that raised Cole's habeas claims plus one claim regarding the scoring of the sentencing guidelines and one claim regarding the trial court's authority to assess court costs. The Michigan Court of Appeals affirmed Cole's convictions, but remanded his case for a hearing on Cole's sentencing claim and to give the trial court an opportunity to provide a basis for the amount of costs it assessed. See Cole, 2015 WL 8954965, at *3-*4.

Cole then applied for leave to appeal in the Michigan Supreme Court, raising his claims about trial counsel, the demonstrative photographs, and the trial court's assessment of costs. The Michigan Supreme Court denied leave to appeal the claim about the imposition of costs because it was not persuaded to review the issue before the completion of the proceedings ordered by the Court of Appeals. The Supreme Court denied leave to appeal in all other respects because it was not persuaded to review the remaining issues. See People v. Cole, 878 N.W.2d 854 (Mich. 2016). Cole subsequently declined to be re-sentenced or to proceed with a hearing on court costs. See Pet. for Writ of Habeas Corpus, Affidavit Opting out of Resentencing and Court Costs Hearing (Dkt. 1, PageID.97-98).

On August 8, 2016, Cole commenced this action. Respondent Robert Napel, through counsel, filed an answer to the petition in which he argues that the state appellate court's rejection of Cole's first claim was neither contrary to, nor an unreasonable application of, clearly established federal law and that Cole's evidentiary claim does not state a cognizable basis for habeas relief. Resp't Answer in Opp'n to Pet. for Writ of Habeas Corpus at i., 14, 22 (Dkt. 8).

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

The Supreme Court has explained that a "federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). Thus, the AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773 (2010). A "state court's determination that a claim

4

lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at 102. Furthermore, pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id. Habeas relief is not appropriate unless each ground that supported the state-court's decision is examined and found to be unreasonable under the AEDPA. See Wetzel v. Lambert, 520 U.S. 520, 525 (2012).

"If this standard is difficult to meet, that is because it was meant to be." Harrington, 562 U.S. at 102. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from re-litigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. Id. Indeed, section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Id. Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." Woodford v. Viscotti, 537 U.S. 19, 24 (2002). Therefore, in order to obtain habeas relief in federal courts, a state prisoner is required to show that the state-court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 562 U.S. at 103.

A state-court's factual determinations are presumed correct on federal habeas review. See 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. Id.; Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

## III. ANALYSIS

### A. Trial Counsel

Cole alleges that his trial attorney was constitutionally ineffective for failing to challenge two jurors for cause during voir dire. The jurors in question (Ms. Phillips and Ms. Bright) deliberated Cole's case, see 10/22/2013 Trial Tr. at 146 (Dkt. 9-7), and Cole contends that it was unreasonable for defense counsel not to challenge Phillips and Bright for cause because the women initially indicated that they were not sure they could be fair. Cole maintains that there was no legitimate trial strategy for defense counsel's failure to challenge Phillips and Bright for cause and that the two women likely affected the jury's verdict because there was no physical evidence corroborating Leaveck's testimony. The Michigan Court of Appeals adjudicated this claim on the merits and concluded that defense counsel's performance was not objectively unreasonable.

#### 1. Clearly Established Supreme Court Precedent

##### a. General Principles

The "clearly established Federal law" for Cole's claim of ineffective assistance of counsel is Strickland v. Washington, 466 U.S. 668 (1984). Cullen, 563 U.S. at 189. Under Strickland, a defendant must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. "Unless a defendant makes

both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id.

The deficient-performance prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. "[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. at 688.

The "prejudice" prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. A defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

"The standards created by Strickland and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Harrington, 562 U.S. at 105 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

### b. Ineffective Assistance during Voir Dire

The issue here is whether trial counsel was ineffective for failing to challenge two jurors for cause based on the jurors' initial hesitancy about serving on a case involving the alleged sexual abuse of a child. "[A] criminal defendant is guaranteed the right to an impartial and unbiased jury," Miller v. Webb, 385 F.3d 666, 672 (6th Cir. 2004) (citing Morgan v. Illinois, 504 U.S. 719, 727 (1992)), and one of "the most essential responsibilities of defense counsel is to protect his client's constitutional right to a fair and impartial jury by using voir dire to identify and ferret out

7

jurors who are biased against the defense." Miller v. Francis, 269 F.3d 609, 615 (6th Cir. 2001).

Absent a strategic decision, the failure to request that a biased juror be removed can constitute

ineffective assistance of counsel. Hughes v. United States. 258 F.3d 453, 460 (6th Cir. 2001

(quoting Johnson v. Armontrout, 961 F.2d 748, 755 (8th Cir. 1992)). However,

> [c]ounsel is . . . accorded particular deference when conducting voir dire. An attorney's actions during voir dire are considered to be matters of trial strategy. Nguyen v. Reynolds, 131 F.3d 1340, 1349 (10th Cir. 1997) (citing Teague v. Scott, 60 F.3d 1167, 1172 (5th Cir. 1995)).

Id. at 457. To prevail on his claim, Cole must show that the two jurors in question were actually biased against him. Id. at 458 (quoting Goeders v. Hundley, 59 F.3d 73, 75 (8th Cir. 1995) (citing Smith v. Phillips, 455 U.S. 209, 215 (1982)).

The standard for juror impartiality is whether "the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." Id. at 459 (quoting Irvin v. Dowd, 366 U.S. 717, 723 (1961)). "The Supreme Court has upheld the impaneling of jurors who had doubted, or disclaimed outright, their own impartiality on voir dire." Id. at 458. Therefore, "even a juror's expressed doubts about his or her impartiality 'does not necessarily entail a finding of actual bias.'" United States v. Shepard, 739 F.3d 286, 292 (6th Cir. 2014) (quoting Hughes, 258 F.3d at 458). A court must consider the totality of the juror's statements when assessing whether the juror was actually biased against the defendant. Holder v. Palmer, 588 F.3d 328, 340 (6th Cir. 2009).

### 2. Application

In the present case, the trial court pointed out during voir dire that Cole was alleged to have sexually assaulted a two-year-old boy. The court then asked the prospective jurors whether anyone could not be impartial and fair due to the nature of the offense. None of the jurors raised their hands. 10/21/2013 Trial Tr. at 28 (Dkt. 9-8).

Shortly afterward, the court asked whether anyone had a family member who was the victim of sexual abuse. Phillips and Bright answered, "Yes." Id. at 29. The court then asked Phillips and Bright whether there was anything about their situations that would affect their ability to be fair and impartial jurors. Phillips stated that, because her situation involved a child, she was more protective of the person and other individuals. She stated that she could try to set aside her beliefs and view the facts without being unfair to the defendant, but that she thought her feelings about sexual assault against minors might affect her ability to be a fair juror. Id. at 29-31. Bright stated that she, too, thought she could be open-minded and weigh the evidence fairly even though she was very protective of young children due to having been a teacher her whole life and due to having nieces, nephews, grandnieces, and grandnephews. Id. at 31.

The prosecutor later explained that the standard for juror impartiality was whether the jurors could be fair, set aside their personal beliefs, listen to the testimony, and judge the testimony regardless of their ideas and personal beliefs. Phillips responded by stating that she would listen to the evidence and even though her instinct would be to protect the child, she could apply the jury instructions to the facts. Id. at 35-36. At a subsequent bench conference, Phillips stated that, if the evidence did not prove beyond a reasonable doubt that the defendant was guilty, she would be able to say he was not guilty even if there was a likelihood that he did commit the crime. Id. at 45-47.

Bright also stated that she could listen to the testimony and apply the jury instructions. Although she had spent her whole life protecting children, she thought that she could be fair, and she promised to do her best. Id. at 36.

This summary of the record shows that, although Phillips and Bright initially were concerned about their ability to be fair and impartial, they subsequently indicated that they could

9

decide the case on the basis of the evidence and the jury instructions and be fair jurors. Cole has failed to show that Phillips and Bright were actually biased against him. Therefore, defense counsel satisfied Strickland's deferential standard, and the state court's decision – that defense counsel's failure to challenge Phillips and Bright for cause did not amount to ineffective assistance – is entitled to deference. Cole is not entitled to relief on his claim.

**B. The Photographs**

In his second and final claim, Cole alleges that the trial court abused its discretion and violated his right to due process by permitting the prosecutor to introduce photographs that were meant to demonstrate what Leaveck saw during the alleged crime. Two of the photographs show a man standing in front of an ATV with his back to the camera, and the third photograph shows a female doll lying face down on the back of an ATV with a female deputy sheriff facing the doll, but standing sideways to the camera. See Pet. for Writ of Habeas Corpus, Appendix 1, at PageID.55-57 (Dkt. 1). Cole maintains that the photographs were not substantially similar to the alleged circumstances and that the jury could have rejected his explanation of the incident[2] on the basis of the photographs.

Cole moved to suppress the photographs in a pretrial motion, which the trial court denied because the photographs were relevant and helpful, but not prejudicial. 10/10/13 Mot. Hr'g Tr. at 10-12 (Dkt. 9-6). The Michigan Court of Appeals found no merit in Cole's non-constitutional claim or in his due process claim.

---

[2] Cole did not testify, but he informed a detective during a pretrial interrogation that: the child's legs were straight up in the air while he was riding on Cole's ATV, the child seemed to be jumping around and fussing at one point, and he shook the child's pants because he thought that a bug may have gotten in the child's pant leg. According to Cole, this is what Leaveck may have seen. 10/21/2013 Trial Tr. at 245.

10

Rulings on the admission of evidence under state law usually are not questioned in a federal habeas corpus proceeding. Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir. 1988). Therefore, even if the disputed evidence was admitted in violation of Michigan's rules of evidence, such errors are not cognizable on federal habeas corpus review. Hall v. Vasbinder, 563 F.3d 222, 239 (6th Cir. 2009). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991).

A state trial court's evidentiary error rises to the level of a federal constitutional claim warranting habeas corpus relief only if the error rendered the proceeding "so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." McAdoo v. Elo, 365 F.3d 487, 494 (6th Cir. 2004) (citing Estelle, 502 U.S. at 69-70). Further, "states have wide latitude with regard to evidentiary matters under the Due Process Clause." Wilson v. Sheldon, 874 F.3d 470, 476 (6th Cir. 2017).

The photographs in question here were not inflammatory in any way. Furthermore, as pointed out by the Michigan Court of Appeals, the photographs were relevant, they illustrated Leaveck's testimony,[3] and the danger of unfair prejudice was not substantially outweighed by the probative value of the evidence. The Court of Appeals also pointed out that there is no indication in the record that the jury failed to understand the demonstrative nature of the photographs.[4]

---

[3] See 10/21/2013 Trial Tr. at 174-80 (Dkt. 9-8).

[4] It is obvious from the prosecutor's questions and Leaveck's responses that the photographs were meant to depict what Leaveck had observed during the incident in dispute. See 10/21/2013 Trial Tr. at 174-80.

11

Finally, the Court of Appeals noted that defense counsel had an opportunity to cross-examine Leaveck about the photographs and what he observed. Cole, 2015 WL 8954965, at *2-*3.

For all the reasons given by the state court, it was not fundamentally unfair to admit the disputed photographs in evidence. Therefore, Petitioner's right to due process was not violated, and he is not entitled to relief on his claim.

## IV. CERTIFICATES OF APPEALABILITY AND PROCEEDING IN FORMA PAUPERIS ON APPEAL

Petitioner may not appeal the Court's denial of his habeas petition unless a district or circuit judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327 (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Reasonable jurists could debate the Court's assessment of Petitioner's first claim regarding trial counsel's failure to excuse two jurors for cause. Accordingly, the Court will grant a certificate of appealability on that issue. The Court also will allow Petitioner to proceed in forma pauperis on appeal, because the Court granted him permission to proceed in forma pauperis in this Court (Dkt. 3), and an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

## V. CONCLUSION

For the reasons given above, the state appellate court's decision denying Petitioner's claims on the merits was not contrary to Supreme Court precedent or an unreasonable application of

Supreme Court precedent. The state court also did not unreasonably apply the facts to Petitioner's case. Accordingly, the petition for writ of habeas corpus (Dkt. 1) is denied. The Court grants a certificate of appealability on claim one and denies a certificate of appealability on claim two. The Court also grants leave to proceed in forma pauperis on appeal.

SO ORDERED.

Dated: March 14, 2019  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 14, 2019.

s/Karri Sandusky
Case Manager